UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAGARL, L.L.C. and LAWLER MANUFACTURING CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> CRANE CO. and MARK CONTROLS CORPORATION, both d/b/a POWERS PROCESS CONTROLS, WATTS INDUSTRIES, INC., d/b/a POWERS, A WATTS INDUSTRIES CO., and SLOAN VALVE CO., <br><br> Defendants. | CASE NO.   1:02-CV-0478-JDT-WTL |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, Defendants Crane Co., Mark Controls Corporation, Watts Water Technologies, Inc. and Sloan Valve Company (collectively, "Defendants") move to compel the production of certain documents concerning inventor Kevin Kline from Plaintiffs Magarl L.L.C. and Lawler Manufacturing Co. (collectively "Lawler").

## PRELIMINARY STATEMENT

Kevin Kline is a named inventor of U.S. Patent No. 6,042,015 (the "'015 patent"), one of the two patents involved in this case. Defendants seek production of documents concerning communications between Lawler or its attorneys, on the one hand, and Mr. Kline or his attorneys at Locke Reynolds LLC, on the other, from the time following Mr. Kline's departure from Lawler in February 1997 until the issuance of the '015 patent in March 2000. These documents are responsive to discovery requests served by Defendants on November 27, 2002 and are

directly relevant to whether Lawler submitted a false declaration to the United States Patent

Office ("PTO") during prosecution of the '015 patent, one of the two remaining patents in this

action.  If that declaration was false, then the '015 patent is unenforceable due to inequitable

conduct before the PTO.  In fact, this Court has already ruled that the information sought is

squarely relevant and it should, therefore, be produced.

## BACKGROUND

1)      Kevin Kline is one of two named inventors of the '015 patent.  In 1997, Mr. Kline

terminated his employment with Lawler.  In March 1998, Lawler filed its application for the

'015 patent (the "Application").  The application omitted any declaration signed by Mr. Kline

even though a declaration by the inventor is an essential component of any patent application.

Given the absence of Mr. Kline's declaration, the PTO issued a Notice of Missing Parts of

Application in which the PTO indicated that Mr. Kline's signed oath or declaration had not been

submitted.

2)      In December 1998, Lawler filed a Petition Under 37 C.F.R. §1.47 for Filing on

Behalf of Nonsigning Inventor (37 C.F.R. 1.47) (the "Petition").  That petition included

declarations of Michael Beck, Lawler's patent attorney, and Robert Eveleigh, Lawler's president.

The petition is attached hereto as Exhibit A and the declarations of Messrs. Beck and Eveleigh

are attached hereto as Exhibits B and C, respectively.  The Petition and the Declarations purport

to describe diligent efforts to obtain Mr. Kline's declaration, including numerous

communications on the topic between Mr. Kline and Lawler's representatives.

3)      For example, the Petition states that the "two Declarations provide ample facts to

show that diligent efforts were made to obtain the signature of the unwilling co-inventor, Kevin

Kline." Ex. A at 2.  Mr. Beck's declaration states: "[a]fter the application was filed, Mr.

Eveleigh made efforts to obtain Mr. Kline's cooperation with respect to the '959 application, to no avail." Ex. B ¶ 8 at 3.  Mr. Eveleigh's declaration states: "[f]rom about November, 1997, until April, 1998, I had several conversations with Mr. Kline and his attorney concerning his duty to cooperate in the preparation and filing of the eventual '959 application.  At no time during these conversations did Mr. Kline or his attorney state that Mr. Kline would cooperate in any fashion." Ex. C ¶ 6 at 3.

4)      At his deposition, Mr. Kline testified that in fact he *did not* have any conversations with Mr. Eveleigh during the period November 1997 through April 1998 concerning the Application.  Mr. Kline further testified that he is unaware of any conversation between Mr. Eveleigh and his attorney at Locke Reynolds concerning the Application during that time period.

## ARGUMENT

5)      The documents defendants seek are directly relevant to defendants' claim that Lawler submitted false declarations to the PTO.  Defendants have pled the affirmative defense of inequitable conduct and have counterclaimed for a declaratory judgment of unenforceability of the '015 patent based upon inequitable conduct.  Breach of the duty of candor to the PTO, including "affirmative misrepresentations of material facts, failure to disclose material information, or submission of false material information, coupled with an intent to deceive, constitutes inequitable conduct." *Li Second Family Ltd. Partnership v. Toshiba Corp.*, 231 F.3d 1373, 1378 (Fed. Cir. 2000).

6)      Submission of a false declaration to the PTO is a material misrepresentation as a matter of law. *See, e.g., PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1322 (Fed. Cir. 2000); *Li Second Family*, 231 F.3d at 1380.  Furthermore, intent to deceive may

be inferred from the submission of a false declaration.  *Li Second Family*, 231 F.3d at 1381.

Accordingly, proof that Lawler filed false declarations with the PTO during prosecution of the

'015 patent may result in judgment in Defendants' favor on Count I and on Defendants'

counterclaim for a declaration of unenforceability.

7)      Communications between Lawler or its attorneys and Mr. Kline or his attorneys

during prosecution of the '015 patent are probative of whether Lawler filed false declarations

with the PTO, and specifically, whether the assertions in the Petition and supporting declarations

that Mr. Eveleigh "made efforts to obtain Mr. Kline's cooperation" are true.  Ex. B ¶ 8 at 3; Ex.

C ¶ 6 at 3.

8)      In addition to documents actually constituting communications between Mr. Kline

or his representatives and Lawler or its representatives, defendants are also entitled to documents

*reflecting* any such communications or reflecting the absence of communications concerning the

Application.  For example, Mr. Kline's testimony suggests that the law firm of Locke Reynolds

billed Lawler for legal fees in connection with its representation of Mr. Kline after Mr. Kline's

separation from Lawyer.  It is fair to infer that Locke Reynolds provided Lawler or its counsel,

Bingham McHale, with billing records; however, no such records have been produced by Lawler

in this litigation.  Those billing records are probative of whether in fact communications took

place between Mr. Eveleigh and Mr. Kline's attorney, as asserted in Mr. Eveleigh's declaration..

9)      The documents defendants seek are also plainly covered by defendants' document

requests.  In November 2002, Defendants served document requests calling for production of –

> [a]ll documents and things relating to Kline created after Kline's resignation and/or
> departure from Lawler or Magarl, including all communications between Kline and any
> of his representatives, on the one hand, and you or Magarl on the other hand.

(Defs. Crane Co. and Mark Controls Corp. First Set of Requests for Production of Documents and Things to Plaintiff, Lawler Manufacturing Co., Inc. Request No. 3.)[1]  Plaintiffs have not produced any documents concerning communications between Lawler or its attorneys and Locke Reynolds, as called for in these requests.  In addition, Defendants doubt that Lawler has produced all documents in Bingham McHale's files "relating to Kline created after Kline's resignation and/or departure from Lawler," as requested in Defendants' Document Requests.

10)     The documents are also responsive to defendants' Interrogatory Nos. 18 and 19. Interrogatory No. 18 asked plaintiffs to –

> Identify each Communication between Lawler or Magarl and Kline that relates to the reasons for or circumstances of Kline's termination from employment or termination as an officer or owner of Lawler or Magarl including Communications taking place before or after such termination.

Interrogatory No. 19 asked plaintiffs to -

> Identify each Communication between Lawler and Kline concerning the patents in suit or any application or assignments relating thereto.

(Defs. Crane Co. and Mark Controls Corp. First Set of Interrogatories to Plaintiff, Lawler Manufacturing Co., Inc.).

11)     At the Status Conference held on November 16, 2004, counsel for plaintiffs disputed the relevance of these documents; however, the Court has already explicitly held that the materials are relevant.  Defendants moved to compel responses to Interrogatory Nos. 18 and 19 and the Court's Order, dated September 29, 2004 ("Order"), specifically held, with respect to Interrogatory No. 18, that -

> it cannot be said that information regarding communications between Lawler or Magarl and Kline relating to the circumstances of the termination of their relationships would not satisfy the requirement of Rule 26(b)(1) or there is 'no possibility' that the discovery could lead to relevant information.

---

[1]     The term "you" is defined to include Lawler and its attorneys.  (Defs. Doc. Request at 3.)

Order at 18.  The Court also specifically held, with respect to Interrogatory No. 19, that "it seeks information which is discoverable under Rule 26(b)(1)."  Order at 19.  Continued resistance by Lawler to producing documents concerning communications with Kline is inconsistent with the requirements of the Court's Order.

## **CONCLUSION**

For the reasons set forth above, Defendants ask that this Court order Plaintiffs to produce all documents in their possession, including documents in the possession of their attorneys, concerning communications with Mr. Kline or his attorneys after the termination of his employment with Lawler and before the issuance of the '015 patent on March 28, 2000.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.5, Defendants respectfully submit that a hearing will assist the Court in making its determination on this Motion, and hereby request an oral argument on the issues presented in their Motion.

Respectfully submitted,


s/Cory Brundage
Cory Brundage, Atty. No. 2946-49.
1700 One American Square
Box 82053
Indianapolis, IN 46282-0003
(317) 639-4875
Fax: (317) 639-4882

*and*

John C. Englander, Esq.
Anthony S. Fiotto, Esq.
Daniel M. Forman, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
Fax: (617) 523-1231

Attorneys for Defendant
Watts Water Technologies, Inc.

James R. Kyper, Esq.
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312

Attorneys for Defendants Crane Co.
And Mark Controls Corp.

Dated:  December 16, 2004

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1(c) AND 37.1

I, Cory Brundage, counsel for defendants, hereby certify that on November 11, 2004, Mr. Forman, counsel for defendants, wrote to Mr. Taylor requesting documents sought in this motion but received no response.  At the November 16, 2004 Status Conference with Magistrate Judge Lawrence, defendants sought to resolve this matter but Mr. Taylor objected to producing the documents, questioning their relevance to the case.  Magistrate Judge Lawrence then indicated that defendants would have to submit their request to the Court in writing.

s/Cory Brundage
Cory Brundage, Esq.

Dated:  December 16, 2004

## CERTIFICATE OF SERVICE

I certify that on December 16, 2004 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system

| | |
|---|---|
| Jay G. Taylor<br>ICE MILLER<br>One American Square<br>Box 82001<br>Indianapolis, IN 46282-0002<br>Taylor@icemiller.com | Linda J. Cooley<br>KRIEG DeVAULT, LLP<br>One Indiana Square, Suite 2800<br>Indianapolis, IN 46204<br>ljc@kdlegal.com |
| Danford R. Due<br>DUE DOYLE FANNING<br>  & METZGER, LLP<br>900 Circle Tower Building<br>55 Monument Circle<br>Indianapolis, IN 46204-5900<br>ddue@duedoyle.com | |

s/Cory Brundage
Cory Brundage

Cory Brundage, LLC
1700 One American Square
Box 82053
Indianapolis, IN 46282-0003